UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO.  08-38-DCR

GEORGE WILLARD JONES,                                                            PETITIONER,

V.                                **MAGISTRATE JUDGE'S**
                                  **REPORT AND RECOMMENDATION**

JOHN MOTLEY,
*Warden of Eastern Kentucky Correctional Complex*,                 RESPONDENT.

I. INTRODUCTION

The Petitioner, George Willard Jones, brings this action for a Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254, to challenge his parole revocation.  Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Because Jones failed to demonstrate that parole revocation violated his due process and equal protection rights under the United States Constitution, the petition [R. 1] should be dismissed.

II.  FACTUAL AND PROCEDURAL HISTORY

On March 8, 2005, Jones moved into his sister's residence after being paroled from prison. [R. 1-3 at 23].  During a visit with Jones at his sister's residence on March 30, 2005, Parole Officer Tracy Goins [Officer Goins] was engaged in an altercation with Jones' sister.  As a result, Goins instructed Jones to find a new residence.  [R. 1-4 at 1].  After learning that Jones lacked the funds to move out, Officer Goins allegedly agreed to allow Jones to remain at his sisters' house until he

received his Social Security check. [Id.].

On June 28, 2005, Officer Goins moved to revoke Jones' parole for failure to follow her instructions to find an alternative residence. [R. 1-9 at 11]. Following preliminary and final revocation hearings, the parole board revoked Jones' parole. [R. 14-5]. Jones' request for reconsideration was denied on October 18, 2005. [R. 1-5 at 7-12; R. 14-4]. Thereafter, a state habeas petition challenging his parole revocation was filed in Franklin Circuit Court, but was dismissed on November 20, 2006. [R. 1-3 at 21-23, R. 1-4, R. 1-8 at 3-4]. He did not seek further appeal. [R. 1 at 3].

On June 30, 2008, Jones filed this § 2254 Petition for a Writ of Habeas Corpus arguing that the parole revocation violated his due process and equal protection rights because (1) he did not commit any violations of parole, and (2) at the preliminary hearing, he was not allowed a continuance for the purpose of producing his sister as a witness. [R. 1-4 at 6-11].

### III.  ANALYSIS

The Respondent argues that the petition should be dismissed because Jones failed to exhaust his remedies by not appealing the dismissal of his state habeas petition. [R. 14, at 1-2]. The Court need not address the issue of exhaustion. Under 28 U.S.C. § 2254(b)(2), a federal court may deny a habeas petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Indeed, the Sixth Circuit has instructed that "where the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion, nonexhaustion and procedural default should be excused." Lyons v. Stovall, 188 F.3d 327, 333 (6th Cir. 1999); see also Lott v. Coyle, 261 F.3d 594, 608 (6th Cir. 2001) (where the underlying claims lack merit and "any resort to the state courts would amount to a mere futility," a

district court may deny a habeas petition on the merits). In the instant matter, Jones' constitutional claims are without merit and it would be a waste of time and judicial resources to require exhaustion. Therefore, the Court will proceed directly to the merits of his petition.

### 1) "Freestanding" Claim of Actual Innocence

Jones first argues that parole revocation violated his due process and equal protection rights because it was the result of "false and erroneous" information, and because he in fact committed no parole violations. [R. 1-4 at 4-6]. He does not advance this claim of actual innocence as a means of justifying judicial review of procedurally defaulted claims, but as an independent basis for habeas relief. Such an attempt to prove a petitioner's innocence outright has been characterized as a free-standing claim of actual innocence. See Cody v. U.S., 2009 WL 2043887 at *1 (E.D. Tenn. July 2, 2009) (distinguishing between a "gateway claim" of actual innocence, "which exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him from bringing other claims," and a "freestanding claim" of actual innocence, wherein a petitioner "attempt[s] to prove his innocence outright.") (citing House v. Bell, 547 U.S. 518 (2006)). The Sixth Circuit has repeatedly held that a free-standing innocence claim is not a ground for federal habeas relief. See Cress v. Palmer, 484 F.3d 844, 854 (6th Cir. 2007); Wright v. Stegall, 247 Fed.Appx. 709, 711 (6th Cir. 2007); see also Zuern v. Tate, 336 F.3d 478, 482 (6th Cir. 2003). Therefore, as the Petitioner's freestanding claim of actual innocence is not cognizable in federal habeas, it cannot prevail.

### 2) Denial of Petitioner's Request for a Continuance

Lastly, Jones argues that the trial court's denial of his request to continue the preliminary hearing for the purpose of producing his sister as a witness violated his due process and equal protection rights. [R. 1-4 at 9-11].

3

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 589 (1964). For Jones to succeed, he "must show that the denial [of his request] resulted in actual prejudice to his defense." U.S. v. King, 127 F.3d 483, 487 (6th Cir. 1997) (internal citation omitted). "Actual prejudice requires proof that the continuance would have provided relevant witnesses or contributed to the defense." U.S. v. Hall, 200 F.3d 962, 964 (6th Cir. 2000) (internal citation omitted).

Jones has failed to demonstrate that he suffered actual prejudice from the denial of his request for a continuance. According to Jones, had his sister been available to testify, she would have explained (1) that Jones never violated his parole, and (2) the argument with Officer Goins. [R. 1-4 at 10]. Such testimony would have been merely cumulative of Jones' testimony and the arguments of defense counsel. See Hall, 200 F.3d, at 964-65 (defendant failed to demonstrate actual prejudice where "two of the desired witnesses had nothing to do with the case and...the third witness's testimony would only be cumulative."). For instance, Jones relates that he testified at the preliminary hearing of the altercation between Officer Goins and his sister. [R. 17 at 7]. Moreover, Jones relates that after establishing through cross-examination that he had not failed any drug tests, committed any felonies, absconded, or picked up any new charges while on parole, defense counsel told the presiding judge that "[Jones] has not violated his parole, and these alleged parole violations are in fact not violations at all..." [R. 1-5 at 10]. Finally, the parole board was provided with the information that would have comprised Jones' sister's testimony following the final revocation hearing [see Jones' Request for Reconsideration, R. 1-5], but nonetheless found "no basis" for reconsidering its decision. [R. 14-4].

4

Because Jones has failed to demonstrate actual prejudice, his claim fails.

IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that the Defendant's § 2254 Petition for a Writ of Habeas Corpus [R. 1] be DENIED.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b).

Signed August 21, 2009.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**

5