UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| GEORGE WILLARD JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 08-38-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden, Eastern | ) | **MEMORANDUM OPINION** |
| Kentucky Correctional Complex, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner George Willard Jones filed this habeas proceeding on June 30, 2008, pursuant to 28 U.S.C. § 2254. [Record No. 1] Through this action, Jones seeks to challenge a Kentucky parole revocation determination. On August 21, 2009, United States Magistrate Judge Edward B. Atkins issued a Report and Recommendation concerning Jones' petition. [Record No. 30] In relevant part, Magistrate Judge Atkins recommended that the petition be denied. The matter is currently pending for consideration of Jones' objections to the Magistrate Judge's Report and Recommendation.

The facts relevant to Jones petition are outlined in the Magistrate Judge's Report and Recommendation. Briefly stated, Jones was placed on parole by the Commonwealth of Kentucky following service of a prison sentence. On March 8, 2005, he moved into his sister's residence. During a subsequent visit by Parole Officer Tracy Goins, an altercation occurred with Jones' sister. As a result of this altercation, Jones was directed to find a new residence; however,

Officer Goins allegedly agreed to allow Jones to remain at his sister's home until he received funds from the Social Security Administration..

On June 28, 2005, Officer Goins moved to revoke Jones' parole due to his failure to follow her instructions to find a new residence. Ultimately, Jones parole was revoked following a preliminary and final hearing before the state parole board. And although Jones sought reconsideration of this decision, his request was denied on October 18, 2005. Jones later filed a state habeas petition in the Franklin Circuit Court. That action was dismissed on November 20, 2006, but Jones did not appeal the decision of the state court. Instead, he instituted this action, arguing that the parole board violated his due process and equal protection rights because (1) he did not commit any violations of parole, and (2) his preliminary hearing was not continued to allow him to call his sister as a witness.[1]

While the Respondent has argued that the habeas petition should be dismissed due to Jones' failure to exhaust his state remedies, the Magistrate Judge determined that it would be a waste of time and judicial resources to dismiss the petition on exhaustion grounds. Instead, both of Jones' claims were reviewed on the merits. With respect to the first claim, the Magistrate Judge correctly noted that such a free-standing claim of actual innocence does not constitute a ground for federal habeas relief. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007); *Wright v. Stegall*, 247 Fed Appx. 709, 711 (6th Cir. 2007); *Zuern v. Tate*, 336 F.3d 478, 482 (6th Cir. 2003).

---

[1] Petitioner Jones continues to argue these points in his objections to the Magistrate Judge's Report and Recommendations. [Record No. 31] However, these repeated factual arguments do not alter the outcome. The Magistrate Judge's recommendations – and this Court's decision – are based upon legal analysis of his claims which do not survive review.

Likewise, Jones second claim for relief (*i.e.,* failure to grant a continuance) is unavailing. As noted by the Magistrate Judge, had Jones' sister been available to testify, her testimony would have been cumulative of Jones' testimony and the arguments of his attorney. *United States v. Hall*, 200 F.3d 962, 964-65 (6th Cir. 2000). Thus, he cannot establish prejudice necessary to avoid dismissal. *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997).[2]

In summary, having reviewed the Report and Recommendation filed August 21, 2009 [Record No. 30], and having considered the objections filed by the Petitioner on August 28, 2009 [Record No. 31], it is hereby

**ORDERED** as follows:

1. Petitioner George Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

2. The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 30] is **ADOPTED** and **INCORPORATED** herein by reference.

3. The Petitioner's objections to the Report and Recommendation [Record No. 31] are **OVERRULED**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 10th day of September, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[2] Additionally, as Magistrate Judge Atkins pointed out in his Report and Recommendation, the state parole board was provided with the information that would have comprised Jones' sister's testimony following the final revocation hearing. [Record No. 30, p. 4] However, it found no basis to reconsider its earlier decision.